IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Vandrell Johnson, ) <br> ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> John D. Melton and Sumter Police ) <br> Department, ) <br> ) <br>            Defendants. ) <br> _____ ) | Civil Action No. 3:19-cv-02878-TMC <br><br> **ORDER** |

Plaintiff Michael Vandrell Johnson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice and without issuance and service of process. (ECF No. 13). Plaintiff filed objections to the Report, (ECF No. 16), and this matter is now ripe for review.

**BACKGROUND**

Plaintiff was arrested on January 21, 2019, pursuant to a warrant, and subsequently charged in the Sumter County Court of General Sessions with armed robbery in violation of S.C. Code Ann. § 16-11-330. *See* (ECF No. 1 at 4–5); *State of South Carolina v. Michael Vandrell Johnson*, 2019A4310200058, Sumter County Public Index – Charges (filed January 23, 2019)[1]. As of the

---

[1] The court may take judicial notice of the state court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (internal alterations and citations omitted)).

1

date of this Order, Plaintiff's criminal charge is still pending in state court. *See Johnson*, Sumter County Public Index – Actions.

On October 10, 2019, Plaintiff filed this lawsuit alleging that his Fifth, Eighth, and Fourteenth Amendment rights had been violated by his arrest. (ECF No. 1 at 4). Specifically, Plaintiff alleges that Defendant John D. Melton committed perjury by falsely accusing and "purposely falsely arrest[ing] [Plaintiff] on a possession of a deadly weapons charge" even though "the[re] was never a weapon found or anything that would [be] consider[ed] a weapon[.]" *Id*. at 4; *see also id*. at 6. Plaintiff asserts that he was stopped by Defendant Melton because he matched the description of an armed robbery suspect and was arrested although no weapons were found on his person. *Id*. at 7. Plaintiff further contends that Defendant Sumter Police Department "allowed it to happen" despite "knowing that there was no proof to . . . support the warrant[.]" *Id*. at 5. Plaintiff also asserts that he was charged with a weapons crime, but the charge was thrown out due to insufficient evidence. *Id*. at 6–7; (ECF No. 1-1). Plaintiff claims to have suffered post-traumatic stress and mental depression, as well as being deprived of visiting his mother's deathbed and attending her funeral. *Id*. at 8. For relief, Plaintiff asks "the court to pay for mental suffering" in the amount of one million dollars, and seeks two million dollars in money damages from Defendants for depriving him of his opportunity to say goodbye to his mother. *Id*.

**STANDARD OF REVIEW**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 50). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a

specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does

not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The magistrate judge's Report recommends the court decline to exercise jurisdiction over Plaintiff's action to the extent he seeks to enjoin the state criminal proceeding against him, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), (ECF No. 10 at 4–5), and dismiss Plaintiff's damages claims during the pendency of the state proceeding, *id*. at 5–9. Although Plaintiff filed objections to the Report, they all fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 16). Nevertheless, the court is able to glean that Plaintiff (1) objects to the magistrate judge's conclusion that the state indictment is conclusive as to probable cause for Plaintiff's arrest and, therefore, bars Plaintiff's claims to the extent they allege false arrest and malicious prosecution in violation of the Fourth Amendment; and (2) argues that, because his state weapons charge was brought under a different case number and was dismissed for insufficient evidence, he is entitled to relief based on that charge. *See id*. at 1–2.

As to his first objection, Plaintiff merely restates the allegations in his Complaint that there was no probable cause to support the warrant and his arrest. *See id*. at 1; (ECF No. 1 at 5). However, these allegations have already been addressed by the magistrate judge in his Report. (ECF No. 13 at 6–7). Objections which merely restate arguments already presented to and ruled on by the magistrate judge do not constitute specific objections. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Accordingly,

4

the court need only review this portion of the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

The court finds that the magistrate judge thoroughly considered Plaintiff's allegations regarding the existence of probable cause and the validity of the warrant, and determined that Plaintiff's claims are barred by the indictment, which Plaintiff does not challenge and which "'conclusively determines the existence of probable cause.'" (ECF No. 13 at 6 (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)). Further, Plaintiff acknowledges in his Complaint that he was arrested pursuant to a warrant and makes no allegations that the warrant was invalid on its face.[2] (ECF No. 1 at 5). Accordingly, to the extent Plaintiff's Complaint alleges a cause of action for false arrest, this claim fails as a matter of law. *See, e.g.*, *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (noting "allegations that an arrest made pursuant to a warrant was not supported by probable cause" states a claim for malicious prosecution, not false arrest).

Additionally, to the extent Plaintiff's Complaint can be construed to state a claim for malicious prosecution, this claim also fails. In order to establish a claim for malicious prosecution, "a plaintiff must demonstrate that the criminal charges brought against him *have been resolved* in his favor." *Hunt v. W. Columbia Police Dep't*, Civ. A. No. 3:14-70-MGL, 2015 WL 4274827, at *6 (D.S.C. July 14, 2015) (emphasis added). Instead, Plaintiff concedes that he is a pre-trial detainee and his state robbery charge has not been resolved but is still pending against him.[3] *See*

---

[2] Although Plaintiff does argue that Defendant Melton falsely accused Plaintiff and perjured himself when obtaining the warrant, *see* (ECF No. 1 at 4–7), he does not challenge that "a warrant was . . . issued and that he was arrested pursuant to it." *Dorn v. Town of Prosperity*, 375 Fed. App'x 284, 286 (4th Cir. 2010) (quoting *Medows v. City of Cayce*, No. 3:07-409, 2008 WL 2537131, at *3 (D.S.C. June 24, 2008)).

[3] To the extent Plaintiff raises a malicious prosecution claim regarding his arrest on the weapons charge, which was subsequently dismissed for insufficient evidence, this claim also fails. In order to state a claim for malicious prosecution under § 1983, Plaintiff must establish a lack of probable cause for his arrest. *See Evans v. Chalmers*, 703

(ECF No. 1 at 4). Thus, "[b]ecause Plaintiff is still incarcerated and his criminal proceeding has not terminated in his favor, his malicious prosecution claim, to the extent he asserts such a claim, should be dismissed." *Hawke v. Livesay*, Civ. A. No. 4:11-cv-00139-RBH, 2011 WL 1465526, at *2 (D.S.C. April 15, 2011). Therefore, the court agrees with the magistrate judge's conclusion that Plaintiff's claims for false arrest and malicious prosecution clearly fail and, accordingly, should be dismissed, rather than stayed, pending resolution of state criminal charges.

In his second objection, Plaintiff argues that because the weapons charge against him was dismissed for insufficient evidence he is entitled to relief. *See* (ECF No. 16 at 1–2). However, again, Plaintiff's objections fail to identify with particularity any factual or legal error in the magistrate judge's Report. *See id.* Instead, this objection asserts nothing more than Plaintiff's disagreement with the magistrate judge's conclusion that the relief he seeks is not constitutionally cognizable. *See id.*; *see also* (ECF No. 13 at 7). Such objections, which "merely express disagreement with the magistrate judge's Report . . . and contain legal phraseology in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna, et al.*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that de novo review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). The magistrate judge correctly noted that "[t]here is no federal constitutional right to be free from emotional distress, mental anguish, or psychological stress," (ECF No. 13 at 7),

---

F.3d 636, 647 (4th Cir. 2012). It is well-established that "where an arrestee is charged with multiple offenses, 'if there was probable cause for any of the charges made then the arrest was supported by probable cause.'" *Holloman v. City of Myrtle Beach*, Civ. A. No. 4:04-1868, 2006 WL 4869353, at *7 (D.S.C. June 8, 2006) (quoting *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)) (internal alterations omitted). Thus, because the magistrate judge found there was probable cause for Plaintiff's arrest on the robbery charge, the seizure was justified and complied with the requirements of the Fourth Amendment, regardless of whether the weapons charge was flawed. *See id.* This claim further fails for the reasons discussed below regarding Plaintiff's alleged injuries.

and, hence, no liability arises under § 1983 for such claims, *see Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1985). Thus, the court finds no error in the magistrate judge's analysis or recommendation that Plaintiff's claims be dismissed for failure to state a constitutionally cognizable injury.

Therefore, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 13), and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance or service or process.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 26, 2020